**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JANENINA DAVIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2360-K |
| | § | |
| LIFE TIME FITNESS INC. and | § | |
| LTF CLUB OPERATIONS COMPANY, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 6). Plaintiff Janenina Davis allegedly slipped and fell in Defendants' facility in Carrollton, Texas. Plaintiff brought suit against Defendants Life Time Fitness Inc. and LTF Club Operations Company, Inc. ("Life Time Fitness") alleging a "premises liability/negligence" claim because Defendants failed to take measures to ensure that conditions in Defendants' facility were safe. Defendants contend that they are entitled to summary judgment because Plaintiff signed a Member Usage Agreement that stated that Plaintiff waived and released Defendants of possible liability for negligence. After consideration of Defendants' Motion for Summary Judgment, the response, the reply, the supporting appendices, and the applicable law, the Court **GRANTS** Defendants' Motion for Summary Judgment.

## I. Factual and Procedural Background

Defendants Life Time Fitness operate and manage numerous health clubs across the United States. Plaintiff Davis is a member of Defendants' health club and uses Defendants' facility located in Carrollton, Texas. Plaintiff Davis was still a member of Defendants' health club at the time of her alleged slip and fall on August 3, 2014. Plaintiff allegedly injured her right knee and her back because of the fall. Because of Plaintiff's alleged slip, fall, and injuries, Plaintiff filed this law suit against Defendants.

Prior to obtaining and purchasing membership with Defendants Life Time Fitness, Plaintiff Davis signed Defendants' Member Usage Agreement. The Member Usage Agreement contained a "Release of Liability" section that waived potential claims Plaintiff could bring against Defendants. The Release of Liability section in the Member Usage Agreement states that

> I waive any and all claims or actions that may arise against Life Time Fitness, Inc., its affiliates, subsidiaries, successors or assigns [] as well as each party's owners, directors, employees or volunteers as a result of any such injury, loss, theft or damage to any such person, including and without limitation, personal, bodily, or mental injury, economic loss or any damage to me, my spouse, my children, or guests resulting from the negligence or Life Time Fitness or anyone else using a Life Time Fitness center. I agree to defend, indemnify and hold Life Time Fitness harmless against any claims arising out of negligent or willful acts or omissions of me, any person that is part of my membership, or any guest under this membership.

On January 5, 2011, Plaintiff Davis signed and executed the Member Usage Agreement.

Approximately three and a half years later after signing the Member Usage Agreement, on August 3, 2014, Plaintiff Davis slipped and fell as she entered Defendants' health club facility because of liquid being on the floor. Plaintiff allegedly injured her right knee and her back because of the slip and fall in Defendants' facility.

Plaintiff filed her Original Petition in state court in the 44th Judicial District Court of Dallas County, Texas on July 14, 2016 and alleged that she had a "premises liability/negligence" claim against Defendants. Plaintiff stated she had a premises liability/negligence claim because "Defendants failed to make safe or provide adequate warning of the foreign substance on the floor, which posed an unreasonable risk of harm, and which foreign substance the Defendants knew or reasonably should have known existed and was dangerous."

Notice of Removal from state court was filed on August 15, 2016. At the time of removal of this case to this Court based on diversity jurisdiction, Plaintiff's premises liability/negligence claim was the only claim before the Court. After this law suit was removed to this Court, Plaintiff amended her Original Petition in state court to include Texas Deceptive Trade Practices Act ("DTPA") claims and allege that damages no longer exceeded $75,000.

On August 30, 2016, Defendants moved for summary judgment to bar Plaintiff's premises liability/negligence claim as a matter of law because of Plaintiff signing the Member Usage Agreement.

## II. Defendants' Motion for Summary Judgment

### a. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing by reference to materials on file that there is no genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The nonmovant must then go "beyond the pleadings" and introduce competent evidence like affidavits, depositions, admissions, to establish "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The Court must view all evidence and reasonable inferences in the light most favorable to the nonmovant and determine whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. *United States v. Die bold, Inc.*, 369 U.S. 654, 655 (1962); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The Court may consider any materials in the record but is not required to look beyond the materials cited by the parties to establish a genuine issue of material fact. Fed. R. Civ. P. 56(c)(3).

Defendants move for summary judgment against Plaintiff. Defendants believe that Plaintiff's claim is barred because Plaintiff signed the Member Usage Agreement that contained a contractual waiver and release of liability provision. In her response, Plaintiff Davis neither denies the execution of the Member Usage Agreement nor challenges that the Member Usage Agreement violates the fair notice requirements for the waiver and release to be enforceable under Texas law. Plaintiff instead argues that the language of the Member Usage Agreement does not apply to Plaintiff's premises liability/negligence claim because it does not cover the negligence of Defendants' employees. Plaintiff's response states that "[t]he waiver does not include vicarious liability claims but is limited to claims resulting from the negligence of Life Time Fitness. Because the Defendants have been sued vicariously . . . the waiver is inapplicable and the Defendants are not entitled to summary judgment." Plaintiff also states that Defendants are not entitled to summary judgment for Plaintiff's DTPA claims because they are outside the scope of the waiver provision.

The Court agrees with Defendants. The Court acknowledges that contractual provisions that contain language like the language included in the Release of Liability section in the Member Usage Agreement are not always enforceable because of public policy. The Court bases this decision on the arguments that were advanced by the parties before the Court.

Plaintiff Davis has not satisfied her burden as a nonmovant to show that genuine issues of material fact exist for trial. The Court is not persuaded by Plaintiff's assertion that a premises liability claim can be established through the vicarious liability of Defendants' employees. Plaintiff did not present arguments to the Court that (1) denied the enforceability of the Member Usage Agreement, (2) challenged whether the Release of Liability section in the Member Usage Agreement met the Texas fair notice requirements, or (3) disputed whether the waiver and release provision could be in conflict with public policy. For all these reasons, Plaintiff falls short of showing that Plaintiff's claim should not be barred pursuant to the terms of the Member Usage Agreement.

**b. Plaintiff's Premises Liability/Negligence Claim**

Plaintiff Davis does not deny the execution of the Member Usage Agreement or challenge that the Release of Liability section in the Member Usage Agreement violates the fair notice requirement under Texas law. Plaintiff bases her argument on the scope of the waiver's application. Plaintiff believes that she can assert a premises liability/negligence claim against Defendants because of negligence of Defendants' employees. Plaintiff argues that she is permitted to bring the premises liability/negligence claim against Defendants because the Release of Liability section in the Member Usage Agreement does not cover the negligence of Defendants' employees.

Plaintiff's reasoning for why Defendants' Member Usage Agreement should not apply to her premises liability/negligence claim is incorrect for three reasons. First, Plaintiff should have only asserted her claim as a premises liability claim rather than conflating both premises liability/negligence into one claim. Second, the Court finds that Plaintiff's premises liability/negligence claim using a vicarious liability theory is meritless. Plaintiff does not present any legal authority to support her claim that she could assert a premises liability claim using a vicarious liability theory in Texas. Third, even if Plaintiff could assert her claim using a vicarious liability theory, Plaintiff has not shown that the required elements to establish a premises liability claim have been met.

The first issue with Plaintiff's claim is that Plaintiff's "premises liability/negligence" claim should be characterized only as a premises liability claim under Texas law. Premises liability and negligent activity claims are conceptually distinct and Plaintiff Davis cannot pursue both theories of recovery for her injury from when she allegedly slipped and fell because of liquid on the floor of Defendants' health club facility. *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014). "Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *See id.* at 196–97 (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776

(Tex. 2010)). Plaintiff's claim which blames Defendants for creating an unsafe condition by neglecting to remove liquid from the floor should be categorized as a premises liability claim.

Because Plaintiff's claim is categorized as a premises liability claim it brings to light the second issue. The possible negligence of Defendants' employees does not constitute a breach of duty in the premises liability context. Plaintiff Davis argues that Defendants' employees rather than the Defendants breached the duty to keep their premises safe for invitees. Plaintiff contends that she can bring her premises liability/negligence claim based on the negligence of Defendants' employees through a vicarious liability theory. Only premises owners and occupiers owe a duty to keep their premises safe for invitees against known conditions that pose an unreasonable risk of harm. *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764 (Tex. 2009). Defendants' owners, rather than Defendants' employees, owed a duty to Plaintiff as an invitee. Plaintiff also did not include any citations to support her argument that a vicarious liability theory could apply to her premises liability claim.

The last issue with Plaintiff Davis's claim is that Plaintiff did not attempt to establish the required elements for premises liability. To establish a premises liability claim, Plaintiff must establish: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) that the condition posed an unreasonable risk of harm; (3) that the owner/operator did not exercise reasonable care to reduce or

eliminate the risk; and (4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (citing *Corbin v. Safeway Stores*, Inc., 648 S.W.2d 292, 295–96 (Tex. 1983)). Even if Plaintiff could assert a premises liability claim using a vicarious liability theory, Plaintiff failed to establish required elements to assert the claim.

**c. Plaintiff's DTPA Claims**

A state court has no power to proceed with a case that has been properly removed to federal court. *Murray v. Ford Motor Co*., 770 F.2d 461, 463 (5th Cir. 1985). "[A]ny post-removal filing in the state court is void because the case [is] no longer pending there." *Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-CV-2085-BN, 2016 WL 5815892, at *7 (N.D. Tex. Oct. 5, 2016). Prior to removal, Plaintiff asserted no DTPA claims against Defendants in state court. After the case was removed, Plaintiff amended her Original Petition in state court to add her DTPA claims. Plaintiff never amended her complaint in this Court to include her DTPA claims. Plaintiff's DTPA claims are not before the Court for the Court to consider.

## III. Conclusion

Based on the arguments advanced by the parties to the Court, there is no genuine issue of material fact that exists. Plaintiff Davis has not satisfied her burden as a nonmovant to show that a genuine issue of material fact exists for trial. Plaintiff did not deny the execution of the Member Usage Agreement, did not challenge that

the waiver provision violates the fair notice requirements under Texas law or make any other arguments to bring the enforceability of the Member Usage Agreement into question. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment.

**SO ORDERED.**

Signed October 25th, 2016.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE